IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ERIC M. BROWN,**

    **Petitioner,**

v.                                              Case No. 1:14-cv-28283

**BART MASTERS, Warden,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Eric M. Brown's ("Brown") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Order to Show Cause, wherein Respondent requests dismissal of the petition, (ECF No. 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

1

## I.     Introduction

On March 24, 2010, Brown pled guilty to one count of conspiracy to commit robbery, one count of robbery, and one count of the use of a firearm during a crime of violence in the United States District Court for the Northern District of Georgia. (ECF No. 7-1 at 4); *United States v. Brown*, No. 1:09-cr-339, Dkt. No. 48 (N.D. Ga. Mar. 24, 2010). Brown's guilty plea came in the middle of his trial, where testimony was adduced that Brown sexually assaulted an employee of a check-cashing business during an armed robbery by forcibly placing an object in her vagina. *Brown*, No. 1:09-cr-339, Dkt. No. 64 at 70, 88, 96 (N.D. Ga. Aug. 10, 2010). As a result of the sexual assault, the victim was taken to the hospital and received stitches to close an intravaginal laceration that she suffered. *Id.* at 89-90.

Brown's initial sentencing hearing was held on June 22, 2010. At that hearing, the United States argued that a four-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B) for causing serious bodily injury during the robbery was appropriate for two separate reasons—first, the victim's physical injuries met the Sentencing Guidelines' definition of serious bodily injury, and second, the offense involved conduct that constituted criminal sexual abuse under 18 U.S.C. § 2241 or § 2242, which automatically qualifies as serious bodily injury as defined in U.S.S.G. § 1B1.1 n.1. *Brown*, No. 1:09-cr-339, Dkt. No. 67 at 5-6 (N.D. Ga. Aug. 12, 2010). Brown denied sexually assaulting the victim. *Id.* at 15-16. The sentencing court agreed with the United States that Brown inflicted serious bodily injury on the victim for the purposes of U.S.S.G. § 2B3.1(b)(3)(B) and applied the four-level enhancement. *Id.* at 9. Brown was sentenced to 145 months' imprisonment and five years' supervised release. *Id.* at 22-23. Brown subsequently appealed his sentence to the United States Court of Appeals for the Eleventh Circuit, and the Court remanded Brown's case to

the district court for resentencing. *United States v. Brown*, 438 F. App'x 871, 872-73 (11th Cir. 2011).

On January 13, 2012, Brown was resentenced by a different district judge to the same terms of imprisonment and supervised release that were previously imposed. (ECF No. 7-1 at 5-6). On appeal, the Eleventh Circuit affirmed Brown's sentence and rejected Brown's argument that the district court erred by applying a four-level enhancement under U.S.S.G. § 2B3.1(b)(3)(B). *United States v. Brown*, No. 12-10303, slip op. at 3-4, 8 (11th Cir. Sept. 20, 2012). The Court held that Brown inflicted serious bodily injury on the victim by causing a two-inch laceration in the victim's vaginal canal and that Brown's conduct constituted criminal sexual abuse under federal law. *Id.* at 4.

Based on Brown's conduct during the robbery, the Federal Bureau of Prisons ("BOP") has classified Brown as having a "Walsh Act History – No Conviction." (ECF No. 7-1 at 10). The BOP's designation refers to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, which "establishes a comprehensive national system for the registration of [sex] offenders" and permits federal courts to civilly commit those offenders who are deemed "sexually dangerous person[s]." 18 U.S.C. § 4248(a); 42 U.S.C. § 16901. When an inmate is given a "Walsh Act" designation by the BOP, the BOP's Sexual Offender Certification Review Branch ("SOCRB") reviews the inmate's file for sexual dangerousness approximately eighteen months before the inmate is scheduled for release from prison. (ECF No. 7-1 at 12). The BOP's Legal Resource Guide describes this process:

> [The] SOCRB reviews the assignments of all inmates prior to release, to ascertain whether there is any history of relevant conduct. For inmates with a record of attempted or actual sexual violence or child molestation, an assessment is made of empirically-based static and dynamic risk factors. Psychological and legal records are also examined. Consideration is given to

> a wide range of factors including criminal history, social and family support, mental and physical health, institution conduct, and other data.

U.S. Dep't of Justice, Legal Resource Guide to the Federal Bureau of Prisons 8 (2014), *available at* https://www.bop.gov/resources/pdfs/legal_guide.pdf

If the SOCRB finds that the inmate does not appear to be sexually dangerous, then the inmate is cleared for release and release planning continues. (ECF No. 7-1 at 12). If an inmate appears to be sexually dangerous, then the Attorney General for the United States or Director of the BOP transmits a certificate of sexual dangerousness to the clerk of court for the district where the inmate is confined. 18 U.S.C. § 4248(a). The district court then must hold a hearing to determine whether the inmate is in fact a "sexually dangerous person" such that civil commitment is necessary. *Id.* In order to civilly commit the inmate to the custody of the Attorney General, the United States must establish three facts by clear and convincing evidence: "that the person (1) has engaged or attempted to engage in sexually violent conduct or child molestation, (2) suffers from a serious mental illness, abnormality, or disorder, and (3) as a result, would have serious difficulty refraining from sexually violent conduct or child molestation if released." *United States v. Comstock*, 627 F.3d 513, 515-16 (4th Cir. 2010).

On November 17, 2014, while incarcerated at the McDowell Federal Correctional Institution in Welch, West Virginia, Brown filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1). In his petition, Brown raises two grounds for relief. First, Brown argues that he was erroneously designated with a "Walsh Act History – No Conviction" because he has never been charged or convicted of any sexual

---

[1] A search of the Inmate Locator on the BOP's website shows that Brown is incarcerated at the United States Penitentiary in Tucson, Arizona as of August 2, 2016. The BOP's website reflects that Brown's projected release date is May 14, 2022.

4

crime. (*Id.* at 6). Brown contends that, in order to be given this designation by the BOP, he must have been charged with and convicted of a sexual offense. (*Id.* at 7). Second, Brown insists that he was given this classification without due process. (*Id.*) Brown asserts that the classification is an additional punishment beyond what the sentencing court imposed and that the classification imposes an atypical and significant hardship on him, which deprives him of a liberty interest. (*Id.*)

The undersigned ordered Respondent to answer Brown's § 2241 petition on April 28, 2015. (ECF No. 6 at 1). On June 17, 2015, Respondent filed a response requesting that Brown's petition be dismissed for several reasons. (ECF No. 7 at 1). To start, Respondent argues that Brown's challenge to his "Walsh Act History – No Conviction" designation is not cognizable under § 2241 because Brown is not challenging the execution of his sentence. (*Id.* at 3-5). Respondent asserts that Brown's "challenge to his Walsh Act classification does not affect the fact, condition, or duration of his confinement." (*Id.* at 5). Although Brown cannot challenge his classification under § 2241, Respondent insists that the Court should not construe Brown's petition as a civil rights action. (*Id.* at 6 n.5). Insofar as Brown contends that he has never been charged or convicted of any sexual crimes, Respondent argues that Brown's classification is based on information contained in his presentence investigation report ("PSR") and that a challenge to information contained in a PSR is not appropriate under § 2241. (*Id.* at 5-6). Additionally, Respondent contends that Brown does not possess a liberty interest in a particular classification by the BOP, and as such, Brown's due process argument must fail. (*Id.* at 6). Lastly, Respondent argues that the classification is not an additional punishment because such classifications are not punitive in nature. (*Id.* at 7).

On July 31, 2015, Brown filed a reply memorandum wherein he maintains that "the Walsh Act History ... is misplaced or is outside of the penalties already afixed [*sic*] for the conduct of Petitioner at the time when Petitioner committed the robbery." (ECF No. 11 at 2). Brown insists that the BOP's classification results in a "conviction of social stigma." (*Id.*) Brown also argues that his challenge is properly brought under § 2241 because "he should not be reviewed by the [SOCRB] to determine whether a referral for civil commitment is appropriate 18 months prior to [his] release—as Petitioner has never been classified by any court to have had a problem with any sexual behaviors." (*Id.* at 3). Brown asserts that he is uncertain whether he will "face an additional sentence, or time in prison," as a result of the SOCRB's review of his case. (*Id.*)

## II. Discussion

Habeas corpus is the appropriate and exclusive remedy for a prisoner to attack the validity or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Where a prisoner seeks "immediate release or a speedier release" from imprisonment, the sole remedy is a writ of habeas corpus. *Id.* Under federal law, there are different forms of habeas corpus petitions, including 28 U.S.C. §§§ 2241, 2254, and 2255; here, Brown seeks relief under § 2241. A habeas corpus petition may be brought under §2241 to challenge the execution of a sentence, rather than the sentence itself. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004); *Greer v. Hogsten*, No. 1:12-1355, 2013 WL 1309917, at *2 (S.D.W.Va. Mar. 28, 2013). Typical challenges to the execution of a sentence under § 2241 include "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, [and] type of detention." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge

6

the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). In order to be entitled to habeas relief under § 2241, a prisoner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Several courts within the Fourth Circuit, including this Court, and outside of this Circuit have found that challenges to custody or security classifications cannot be brought under § 2241, unless the petitioner seeks a "quantum change in his level of custody," such as the transfer from a prison facility to a halfway house. *Sappleton v. Hogsten*, No. 1:11-552, 2014 WL 2565547, at *2 (S.D.W.Va. June 6, 2014) (citing *Campbell v. Deboo*, No. 1:11cv3, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011)); *Rodriquez v. Cruz*, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013); *Biedrzycki v. O'Brien*, No. 1:11cv6, 2011 WL 6748505, at *6 (N.D.W. Va. Oct. 14, 2011); *Lisenby v. Cohen*, No. 8:09-3164, 2010 WL 454904, at *2 (D.S.C. Feb. 9, 2010); *Moore v. Driver*, No. 1:07cv166, 2008 WL 4661478, at *3 (N.D.W. Va. Oct. 21, 2008); *Davis v. O'Brien*, No. 7:07cv582, 2007 WL 4592199, at *1 n.1 (W.D. Va. Dec. 26, 2007). Of particular import here, this Court and other federal courts have concluded that challenges to sex offender classifications assigned by the BOP do not fall within the scope of § 2241. *See Perez-Ortega v. Masters*, No. 1:13-cv-28901, 2015 WL 6327304, at *2-*3 (S.D.W.Va. Sept. 18, 2015), *report and recommendation adopted by* 2015 WL 6386553 (S.D.W.Va. Oct. 21, 2015); *Powell v. Krueger*, No. 15-1186, 2015 WL 4572661, at *1 (C.D. Ill. July 29, 2015); *Mora v. Warden – FCC Yazoo City*, No. 5:12-cv-98, 2013 WL 4773939, at *2-*3 (S.D. Miss. Sept. 4, 2013); *Ryan v. Cross*, No. 2:08cv120, 2009 WL 1390818, at *3 (N.D.W. Va. May 15, 2009). Although the undersigned has been unable to locate any authority specifically holding that a prisoner may not contest the BOP's "Walsh Act History – No Conviction"

7

designation through a § 2241 petition, the undersigned finds that the aforementioned cases support a conclusion that Brown has utilized an improper procedural vehicle to bring his challenge. Brown's contention that the BOP has erroneously designated him with a "Walsh Act History" does not raise a challenge to the execution of his sentence, nor would removal of the designation "affect the fact or duration of [Brown's] sentence." *Perez-Ortega*, 2015 WL 6327304, at *3. Therefore, the undersigned **FINDS** that the claims raised by Brown are not cognizable under § 2241 and that his claims are more appropriately brought in a civil rights action.

Rather than dismiss Brown's petition and allow him to file a civil rights action, the undersigned could construe the § 2241 petition as civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, conversion of Brown's petition is unnecessary in this case because Brown's claims lack merit regardless of the form in which they are raised. *See Perez-Ortega*, 2015 WL 6327304, at *2.

To begin, Brown's claim that he should not be classified as a person with a "Walsh Act History – No Conviction" because he has never been charged with or convicted of a sexual crime is unpersuasive. The words within the designation itself clearly indicate that a conviction is unnecessary for the designation to be applied. Moreover, nothing in the Walsh Act requires that a prisoner be charged with or convicted of a sexual crime before the BOP may designate the prisoner as having a "Walsh Act History" and subject the prisoner's file to review for sexual dangerousness before release. *See* 18 U.S.C. § 4248(a) (allowing Attorney General or Director of BOP to certify any person in custody of BOP as sexually dangerous); *Comstock*, 627 F.3d at 520 (rejecting argument that statute requires proof of "prior criminal act"). Indeed, requiring a prior sexual crime conviction as a

8

prerequisite to the application of the Act's civil commitment procedures would permit those prisoners whose sexual dangerousness only manifested during imprisonment to be freed into the community at large. Furthermore, for a prisoner to be civilly committed under the Walsh Act, the United States need not prove a sexual crime conviction; rather, the United States must show that the prisoner "has engaged or attempted to engage in sexually violent conduct or child molestation." *Comstock*, 627 F.3d at 515-16. Additionally, while the Court has not been provided with Brown's PSR, after reviewing the trial transcript, the undersigned agrees with the sentencing court and the Eleventh Circuit that there is significant evidence that Brown engaged in sexually violent behavior during the robbery, and his actions would constitute criminal sexual conduct under federal law.[2]

Next, Brown's claim that he was denied due process is meritless. In order to establish a due process violation, Brown must demonstrate that he was "deprived of life, liberty, or property by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (markings omitted). Brown's petition does not identify a liberty interest giving rise to due process protection, other than his broad assertion that the designation of a "Walsh Act History – No Conviction" imposes an atypical and significant hardship on him. However, Brown utterly fails to describe in his petition how the classification "present[s] [an] atypical and significant hardship in relation to the ordinary incidents of prison life." *See Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015).

---

[2] To the extent that Brown contests the BOP's reliance on information contained in his PSR, that challenge also is not cognizable under § 2241. *See Sappleton*, 2014 WL 2565547, at *2; *Biedrzycki*, 2011 WL 6748505, at *6. In addition, a civil rights claim for damages or amendment of the PSR would likely fail. *See Clow v. Fed. BOP*, No. 08cv1121, 2008 WL 2705193, at *2 (D.D.C. July 9, 2008).

In his reply memorandum, Brown seems to suggest that the "stigma" associated with the classification justifies the application of due process protection. (ECF No. 11 at 2). Yet, other federal courts have held that the stigma of being assigned a sex offender classification by the BOP "fail[s] to implicate a protected liberty interest upon which" a prisoner may base a due process claim. *See Wilks v. Mundt*, 25 F. App'x 492, 492 (8th Cir. 2002); *Fox v. Lappin*, 409 F. Supp. 2d 79, 89 n.14 (D. Mass. Jan. 17, 2006). Brown has not cited any authority, binding or persuasive, to the contrary.

Furthermore, this Court has joined other federal courts in generally recognizing that a prisoner has "no legitimate statutory or constitutional entitlement to a particular classification," which soundly defeats Brown's due process claim here. *See Perez-Ortega*, 2015 WL 6327304, at *5 (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)) (marking omitted); *see also Sappleton*, 2014 WL 2565547, at *4; *Kenney v. Laugh*, No. 5:12-cv-7012, 2013 WL 5777175, at *2 (S.D.W.Va. Oct. 25, 2013); *Ellis v. Berkebile*, No. 5:10-854, 2010 WL 6840996, at *2 (S.D.W.Va. Oct. 22, 2010); *Norton v. Tenn. Dep't of Corr.*, No. 3:10cv839, 2010 WL 3733540, at *1-*2 (M.D. Tenn. Sept. 7, 2010); *McCombs v. United States DOJ*, No. 4:06CV1777, 2006 WL 3169530, at *2 (N.D. Ohio Oct. 31, 2006); *McAfee v. Patton*, No. 06-CV-68, 2006 WL 1313644, at *7 (E.D. Ky. May 11, 2006).

In addition, to the extent that Brown claims that his liberty is restricted by SOCRB review of his file, the mere review of his file by the BOP to determine sexual dangerousness does not implicate due process. Although Brown might muster an argument that the BOP's transmission of a certificate of sexual dangerousness to the clerk of court will subject him to unnecessary civil commitment proceedings, such a claim is not ripe because the SOCRB has yet to examine Brown's file and will not do so until approximately

10

eighteen months before he is scheduled to be released. *See Texas v. United States* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citation and markings omitted). Moreover, if a certificate of sexual dangerousness were issued, the statute sets forth protections to ensure that a person is not civilly committed without due process.[3] *See* 18 U.S.C. §§ 4247(d), 4248; *Comstock*, 627 F.3d at 524-25 (rejecting facial due process challenge to § 4248).

Lastly, Brown's argument that the classification constitutes an additional punishment beyond his sentence is unavailing. Brown has not explained how his designation with a "Walsh Act History" is punitive in nature. On the contrary, as Respondent correctly points out, several federal courts have held that a BOP classification is not an additional criminal punishment. *See Montalvo v. Snyder*, 84 F. App'x 521, 523 (6th Cir. 2003) (holding that BOP's classification of petitioner as sex offender did not violate *Ex Post Facto* or Double Jeopardy Clauses because classification did "not alter the definition of criminal conduct or increase the punishment for a crime."); *Day v. United States Dep't of Justice*, 275 F. App'x 90, 91-92 (3d Cir. 2007) (holding classification of prisoner as sex offender did not constitute additional criminal punishment); *Morrison v. Woodring*, 191 F. App'x 606, 607 (9th Cir. 2006) (concluding that BOP's security classifications are not punitive); *cf. Knox v. Lanham*, 895 F. Supp. 750, 756 (D. Md. 1995) ("A number of cases have held that security classification decisions concern internal administration of a prison, and are not punitive such as to violate the Ex Post Facto Clause.") (citation and markings omitted). As such, Brown's argument is baseless.

---

[3] The appropriate manner for Brown to challenge the certification while the commitment procedure is ongoing would be through the commitment action itself under § 4248, not through a § 2241 petition, absent some exceptional circumstance. *See Timms v. Johns*, 627 F.3d 525, 532-33 (4th Cir. 2010).

11

Because the undersigned **FINDS** that Brown's claims are without merit, regardless of the form in which they are raised, Brown's petition should be dismissed.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Brown's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 7), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 5, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge